IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID J. HARRIS, | ) | 8:09CV425 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GRANITE STATE MANAGEMENT, | ) | |
| and SALLIE MAE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint in this matter on November 25, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on November 25, 2009, against Granite State Management and Sallie Mae. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a nonprisoner residing in Valentine, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that Defendants violated federal law when they asked him to provide "additional information" on his request for federal loan relief. (*Id*. at CM/ECF p. 2.) Plaintiff believes he is entitled to federal loan relief because he has a disability. (*Id*.) Plaintiff has federal student loans and a federal loan with Sallie Mae. (*Id*.) Plaintiff asks the court to forgive these loans. (*Id*. at CM/ECF p. 5.)

**II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a

complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

As best as the court can tell, Plaintiff's claims relate to a discharge application for relief from federally guaranteed student loans. Plaintiff appears to have filed this application because of a disability. (Filing No.1 at CM/ECF p. 2.)

A person seeking disability relief from federally guaranteed student loans must follow the procedures set forth in 34 C.F.R. § 682.402. These procedures require the borrower to notify their lender of their disability. 34 C.F.R. § 682.402(c)(1)(2). Thereafter, the borrower is required to submit a discharge application to the lender. *Id*. This application must contain a certification, from a physician, that the borrower is in fact totally and permanently disabled. *Id*. After the lender receives the application, it is submitted to the Department of Education ("DOE") for review. *McCullough v. Sallie Mae, Inc.*, No. 08-932, 2009 WL 1788543, at *2 (W.D. La. June 19, 2009). If the DOE determines that the borrower is totally and permanently disabled, then the borrower's loan is placed on a conditional discharge status for three years where no payment is due. *Id.*; *see also* 34 C.F.R. § 682.402(c)(3)(ii). "After this three year period, the balance of the loan is discharged." *McCullough,* No. 08-932, 2009

WL 1788543, at *2; *see also* 34 C.F.R. § 682.402(c)(4)(iii). However, if the DOE determines that the borrower is not totally and permanently disabled, the loan is due and payable. *See* 34 C.F.R. § 682.402(c)(3)(iv).

It is unclear whether Plaintiff filed his application with his lender or the DOE. (Filing No. 1 at CM/ECF p. 2.) However, it is clear that the application was returned with a request for "additional information." (*Id*.) Plaintiff alleges that this request violates federal law. (*Id*.) Because Plaintiff's application was returned for "additional information," the DOE has not yet determined whether Plaintiff is entitled to loan relief. Stated another way, Plaintiff has not yet exhausted the administrative remedies discussed above. This court may not review Plaintiff's claims until his administrative remedies are exhausted. *See, e.g.*, *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 58 (1938) ("[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."). Therefore, Plaintiff's Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.